IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICHOLAS HAULCOMB, #249168, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 19-0666-JB-MU |
| SAM COCHRAN, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This action was filed by an Alabama state inmate and has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action. It is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's order.

On September 17, 2019, Plaintiff filed a handwritten complaint, which was not on this Court's form. On September 24, 2019, the Court ordered Plaintiff by October 18, 2019, to file a new complaint on this Court's form, which would replace the prior complaint.

On October 2, 2019, Plaintiff filed a new complaint on this Court's form as ordered. Upon review of the complaint, the Court found that the complaint was deficient. On February 3, 2020, the Court ordered Plaintiff to complete and file an amended complaint on this Court's § 1983 complaint form no later than March 2, 2020. The first amended complaint was for Plaintiff to correct the deficiencies noted in the Court's order, to follow the pleading instructions, and not to rely on Plaintiff's attached

narrative statement to describe claims against the individual Defendants.  The Order also explained that the first amended complaint would replace the prior complaint and, therefore, Plaintiff should not rely on first filing.  Plaintiff was warned that failure to file the first amended complaint within the required time or to notify the Court of a change in address would result in the dismissal of this action for failure to prosecute and to follow the Court's order.

As of this date, Plaintiff has failed to comply with the Court's February 3, 2020 Order and failed to prosecute this action.  Upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  See *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied, Ballard v. Volunteers of America*, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510

U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); *Blunt v. U. S. Tobacco Co.*, 856 F.2d 192 (6th Cir. 1988)(unpublished) (affirming district court's dismissal of *pro se* plaintiff's action for failure to prosecute when plaintiff failed to respond to the summary judgment notice or to show cause why the action should not be dismissed).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before

the Magistrate Judge is not specific.

DONE this 2nd day of April, 2020.

                                            s/P. BRADLEY MURRAY
                                        UNITED STATES MAGISTRATE JUDGE